UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| IN RE JERROLD BRUCE CARRINGTON,<br>　　Debtor.<br>_____<br><br>ALBERT DAVIS,<br>　　Appellant/Plaintiff,<br><br>　　v.<br><br>JERROLD BRUCE CARRINGTON,<br>　　Appellee/Defendant. | Bkrtcy. Case. No.: 17-21208<br>Adv. Case No.: 17-02082<br><br><br><br><br><br>**Cause No. 2:22cv363** |

## OPINION AND ORDER

Albert Davis seeks leave to file an interlocutory appeal from the bankruptcy court's denial of his motion for summary judgment in the adversary proceeding he brought against Jerrold Bruce Carrington, the debtor. Because the motion for summary judgment was denied by Bankruptcy Judge Ahler on the basis of a factual dispute, there are no grounds for an interlocutory appeal, and Davis' motion requesting one [DE 3] will be denied.

### Background

The procedural history in this case is a little complicated, and unfortunately, even though I gave Appellee Carrington additional time to respond to Davis' motion, he did not file a response. So I am working off of limited materials. Anyway, here's the history: Davis is a lawyer who represents himself in this matter. He filed an adversary complaint against the debtor Carrington contending Carrington owes both him and his

law firm (A.F. Davis Law, PLLC) a debt arising out of a lawsuit and subsequent consent judgment entered by the United States District Court for the Central District of California. [Adversary Case No. 17-02082, DE 1 at 2.] In the California action (Case Number 2:11-CV-0818-SJO-AGR), Davis brought claims against Carrington for breach of fiduciary duty and making material false statements and mismanagement of investor funds. Davis claims Carrington lied when he told him he would repay Davis the full amount Davis had invested in Carrington's fund. [*Id.* at 6.]

The consent judgment against Carrington was entered in the California action way back in 2012, and it provided that Carrington was to pay Davis $78,000 plus interest, 60% which was payable to Mr. Davis and 40% which was payable to the Davis law firm within 5 days of the entry of the judgment. [*Id.* at 3, DE 1-4 at 1; DE 4 at 2.] Instead of fulfilling his obligation, Davis claims Carrington only made payments under the consent judgment totaling $12,500, and that as of the date of filing the adversary complaint in this case, he owes Davis $107,852.68. [Adversary Case No. 17-02082, DE 1 at 3.] Davis subsequently recorded the California judgment in Indiana in 2013 (Case 45C01-1704-MI-00117 in Lake County Circuit Court.) [*Id.* at 4.] However, he claims Carrington has not made any additional payments.

Several years later, on May 1, 2017, Carrington filed a petition under Chapter 13 of the United States Bankruptcy Code. Mr. Davis filed a proof of claim in Carrington's bankruptcy case in the amount of $104,700.28. As mentioned before, Davis followed that up with a one-count adversary complaint against Carrington in August 2017,

2

seeking a declaration that the debt owed to him and his law firm is nondischargeable under 11 U.S.C. section 523(a)(2) and (a)(4). According to Davis, Carrington served as a fiduciary to him and breached those duties. Davis claims Carrington breached the duty by failing to act in his best interest, self-dealing, and converting funds and assets. Additionally, Davis alleges that Carrington represented "in his individual capacity, and as a representative of his co-defendant companies" that he would repay the full amount Davis had invested in "Defendant's Prequel fund." [Adversary Case No. 17-02082, DE 1 at 6.] Davis contends these representations were false, and Carrington knew they were false—he lied so that Davis would not take legal action. *Id.*

Davis filed a motion for summary judgment asking the bankruptcy court to enter judgment finding the debt owed to him and his law firm is nondischargeable, setting aside the automatic stay, and permitting Davis to continue his collection efforts. [Adversary Case No. 17-02082, DE 75.] After the filing of the motion for summary judgment, Carrington voluntarily converted his Chapter 13 proceeding to one under Chapter 7.

On October 11, 2022, the bankruptcy court issued an order denying Davis' motion for summary judgment filed in the adversary action. It did not issue a written opinion. Instead, the bankruptcy judge delivered his ruling during a telephonic conference, comprehensively explaining his reasoning on the record. [DE 2-2.] In a nutshell, Judge Ahler denied summary judgment because Davis failed to show there was no genuine issue of material fact.

3

Let's review Judge Ahler's specific reasoning. First, he found that because Davis focused his arguments exclusively on the contention that the debt should be excepted from Carrington's discharge pursuant to 11 U.S.C. § 523(a)(4), and failed to advance any arguments with respect to sections 523(a)(2)(A) or (a)(2)(B), the court would limit its analysis to section 523(a)(4). [DE 2-2 at 11.] Section 523(a)(4) creates an exception to discharge, and does not discharge an individual debtor from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Judge Ahler recognized that basic principal in his ruling. *See* DE 2-2 at 12, *citing Organic Family, LLC v. Pawlak*, 467 B.R. 467, 473 (Bankr. W.D. Wis. 2012). [DE 2-2 at 12.] But he also noted that an objecting creditor bears the burden of proving by a preponderance of the evidence that the exception to discharge applies. *Id.*

Importantly, the fiduciary exception under section 523(a)(4) encompasses only a subset of fiduciary obligations, which is determined under federal law. *Id.* As Judge Ahler explained, "although parties may be fiduciaries under State law, whether they are acting in a fiduciary capacity for purposes of determining the exception to discharge under 523(a)(4) is a question of Federal Bankruptcy law." [*Id.* at 13; *see In re Berman*, 629 F.3d 761, 767 (7th Cir. 2011).]

Historically, the fiduciary exception under 523(a)(4) only included express trusts (not implied). *Id.* To prove a fiduciary relationship arising from an express trust, a creditor must show: *first*, a clear intent to create a trust; and *second*, the hallmarks of a trust (which include segregation of funds, management by financial intermediaries, and

4

recognition that the entity in control of the assets has at most a "bare" legal title to them). [*Id.* at 14-15; *Berman*, 629 F.3d at 769.] A fiduciary relationship only exists for the purpose of non-dischargeability if it "imposes real duties in advance of the breach." [*Id.* at 15; *Pawlak*, 467 BR at 473.] In the absence of an express trust, the relationship between the parties may be sufficient to establish an implied fiduciary status within the meaning of the statute. *Id.* Judge Ahler found "[i]t is the substance of the transaction that determines whether it is a fiduciary relationship for bankruptcy purposes." [*Id.* at 16.] An implied fiduciary relationship exists if there is "a difference in knowledge or power between fiduciary and principal which gives the former a position of ascendancy over the other." [*Id.* at 16; *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000).] Put another way, Judge Ahler recognized that one party has to be incapable of monitoring the other's performance, and fiduciary obligations between equals like general partners or those in a joint venture, generally don't qualify. [*Id.* at 17.] The Judge then went on at length to analyze the three cases of *Frain*, *Berman*, and *Woldman*, 92 F.3d 546 (7th Cir. 1996), which discuss the parameters of creating a fiduciary obligation. [*Id.* at 17-21.]

Judge Ahler then applied the legal backdrop to the facts at hand. He noted that according to Davis' factual designation, Carrington was the CEO of SCAH Investments, which was a California-based limited liability company. [*Id.* at 21.] After the formation of SCAH, Carrington and the officers formed Prequel, LLC, and SCAH was the managing member of Prequel. *Id.* At some point, Davis invested $100,000 in one or both companies (it is not clear). *Id.* Davis maintains he invested $100,000 with both

SCAH and Prequel, but Carrington alleges Davis only invested in Prequel. *Id.* The investments, of course, did not pan out.

As Judge Ahler noted, the threshold inquiry before the Court is whether Carrington owed Davis a fiduciary obligation—or whether he was acting in a fiduciary capacity through the presence of either an express trust or an implied fiduciary relationship status. [*Id.* at 22.] Davis contends that a fiduciary relationship was created because a res existed (his $100,000 investment that he gave to Carrington). [*Id.* at 22.] However, Judge Ahler explicitly reasoned that "without more, this, in and of itself, is insufficient for the Court to conclude that as a matter of law, an implied fiduciary relationship existed under the Section 523(a)(4)." [*Id.* at 22.] Judge Ahler also commented that if Davis was suggesting an express trust existed, he failed to set forth the elements of an express trust. *Id.* Moreover, to the extent Davis suggested an implied fiduciary relationship existed because Davis was "an investor member" and Carrington was a "manager," and Carrington had all of the power, Judge Ahler noted "these foregoing contentions are problematic for several reasons." [*Id.* at 22-23.]

Most importantly, "[m]any of these factual contentions do not appear within Davis' factual designation." [*Id.* at 23-24.] Nodding to the Federal Rules of Civil Procedure and the Local Bankruptcy Rule 7056-1(a), which require the identification of facts to which the moving party contends there are no genuine issues, supported by appropriate citations to discovery requests, depositions, affidavits, and other admissible information, Judge Ahler concluded he would not consider any of Davis' factual

6

contentions that were unsupported. [*Id.* at 24; citing *Amons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817 (7th Cir. 2004).]

Judge Ahler also pointed out several disputes of material fact which made summary judgment inappropriate. For example, Davis' factual designation states that he invested $100,000 with Carrington's companies "as a member" but the evidence cited in support (Carrington's deposition testimony) does not support the conclusion that Davis was an "investor member" in either entity. [DE 2-2 at 25-26.] Additionally, Davis' factual designation states the operating agreement of Prequel was entered into between SCAH and persons admitted as members, but in support he cites an unsigned operating agreement of Prequel which does not state that Davis was a member of either SCAH or Prequel. [*Id.* at 26.]

Another material fact exists as to what exactly constitutes the fund. *Id.* Davis' factual designation does not set forth actual contentions showing the extent to which Carrington controlled either SCAH or Prequel. *Id.* Therefore, Judge Ahler felt he could not conclude that Carrington was in a position of ascendancy holding ultimate power over Davis. *Id.* It was also unclear who ran Prequel as Davis stated in his factual designation that the four principals of SCAH also ran Prequel. [*Id.* at 26-27.] Because Judge Ahler found all of these material disputes of fact, he concluded that summary judgment was precluded. [*Id.* at 27.]

## Discussion

In general, a denial of a motion for summary judgment—whether in the

bankruptcy context or otherwise—is not considered to be a final, appealable order. *Garvin v. Wheeler*, 304 F.3d 628, 632 (7th Cir. 2002). However, I have discretion to hear this matter as an interlocutory appeal. 28 U.S.C. § 158(a)(3). And although bankruptcy courts are not required to certify an interlocutory appeal before a party may file a motion for leave to appeal as non-bankruptcy courts are required to do, *In re Jartran*, 886 F.2d 859, 865-66 (7th Cir. 1989), a motion for leave to file an interlocutory appeal in the bankruptcy context is still evaluated using the same Section 1292(b) standards as non-bankruptcy cases. *See Gouveia v. I.R.S.*, 228 B.R. 412, 412 (N.D. Ind. 1998); *In re IFC Credit*, Nos. 10C256, 10C719, 10C749, 2010 WL 1337142 at *2 (N.D. Ill. March 31, 2010). Those standards are that "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in the original). "Unless *all* these criteria are satisfied," I can't take the appeal. *Id*. at 676 (emphasis in the original).

The basic problem with this appeal is that it doesn't involve a *contestable* question of law, *i.e.* a question of law where there is substantial ground for difference of opinion. *See Ahrenholz*, 219 F.3d at 675; *In re IFC Credit*, 2010 WL 1337142, at *2. Judge Ahler made very clear that he was denying Davis' motion for summary judgment because of the multiple questions of material *fact*. For example, in this case, Davis failed to present to the court evidence of which entity, SCAH and/or Prequel, he was purportedly a member of, which company (or both) Davis invested in, whether he invested his money

8

"as a member," the extent Carrington controlled either SCAH or Prequel, what exactly constituted the alleged fraud, and who ran the day-to-day operations of SCAH and Prequel. All of these are genuine disputes of material fact that go toward the ultimate issue of whether Carrington owed a fiduciary duty to Davis. And "the underlying issue of whether [the plaintiff] has presented sufficient evidence to show a genuine issue . . . [of] material fact, and thus avoid summary judgment . . . , is not a question of law within the meaning of § 1292(b)." *In re Text Messaging Antitrust Litigation*, 630 F.3d 622, 626 (7th Cir. 2010) (quotation omitted).

Davis argues that the controlling question of law upon which there is a difference of opinion is: "Did the director-shareholder relationship between Debtor Carrington, as CEO of SCAH, and Mr. Davis, as an investor with no ability to act on the company's behalf, constitute a fiduciary relationship under Seventh Circuit law?" [DE 4 at 5.] But if a mere disagreement in how the law is applied to the facts of a particular case was all that was needed for an interlocutory appeal, every single denial of a motion for summary judgment would present grounds for interlocutory appeal. *See Ahrenholz*, 219 F.3d at 676 (engaging in a similar discussion regarding denials of summary judgment, concluding "[a] denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable.") That can't be right; such a rule would render both Section 1292(b) and Section 128(a) meaningless, and would lead to an unseemly ping- ponging of the case back and forth between the lower court and reviewing court, unnecessarily prolonging the proceedings in the process. *See id.* at 676.

9

What Davis actually contests is whether the facts in this case establish a fiduciary relationship that creates a debt that is not dischargeable in this bankruptcy.  There is no issue of a controlling question of law here.

Davis points to one phrase in Judge Ahler's analysis to support his contention that there is a controlling and contestable issue of law: "In the absence of an express trust, the relationship between the parties may be sufficient to establish an implied fiduciary status within the meaning of the statute.  The Seventh Circuit, however, takes a little broader view than other courts, as to what circumstances can give rise to fiduciary duties under 523(a)(4) with respect to a res." [DE 2-2 at 15-16; DE 4 at 8.]  But Davis has presented no "contest" about the controlling law, nor any "substantial ground for difference of opinion" about the controlling law.  *See* 28 U.S.C. § 1292(b); *In re IFC Credit*, 2010 WL 1337142 at *2.

Judge Ahler denied the motion for summary judgment on the basis of disputed material facts—of which there are plenty in this case. The facts will of course be determined at a trial, and then those facts can be applied to the fiduciary relationship law.  But at this point, because there are so many facts that aren't yet established, an interlocutory appeal will not materially advance the termination of this matter.

## Conclusion

For the aforementioned reasons, Davis' Motion for Leave to Appeal Interlocutory Order [DE 3] is DENIED.  The notice of filing an appeal from the bankruptcy court is DISMISSED WITHOUT PREJUDICE since Davis is not appealing a

final, appealable order.  The Clerk is ORDERED to CLOSE this case.

SO ORDERED.

ENTERED: March 13, 2023.

                                                /s/ Philip P. Simon
                                                **PHILIP P. SIMON, JUDGE**
                                                **UNITED STATES DISTRICT COURT**